40 C.C.P.A.;(Patents)

## Application of PINSON.
### Patent Appeal No. 5928.

United States Court of Customs
and Patent Appeals.
Feb. 6, 1953.

Benedict Joffe, New York City, for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner in finally rejecting, as unpatentable over the prior art, claims 1 to 8, inclusive, those being all of the claims involved in appellant's application for a patent for an alleged invention for "Expanding Wrist Bands."

Claim 8 is considered illustrative of the appealed claims and reads as follows:

"8. An expanding wrist band comprising three rows of alining [sic] blocks, the middle row of blocks being staggered with respect to those of the outer rows, a link connecting pivotally the end of a block of an odd numbered row to the proximate end of a block of an even numbered row, said links having independent pivotal connections in the end of the blocks of the even numbered row, a helical spring associated with each pivot of a link in the end of a block of the odd numbered row to articulate said blocks in the even and odd numbered rows, said links connecting the blocks of the even numbered rows to the blocks of the odd numbered rows being disposed to each side of the longitudinal axis of the band and in symmetry therewith, the blocks of the even and odd numbered rows being elongated and wider in the middle than at their ends."

The references relied upon by the tribunals of the Patent Office are: Societe Rubel Freres (Fr.) 628,966 July 12, 1927; Augenstein 2,267,968 December 30, 1941.

The application discloses a wrist band having linear expansibility and flexibility. In the drawing accompanying appellant's application is shown a metal band comprising three rows of hollow blocks which, in a retracted position, are in a side-by-side and staggered relation. Each block of the middle row appears to be connected on each end by a pair of spring-actuated toggle arms, the end of each toggle arm being pivoted to one end of an outside block. A coil spring is housed within the pivot connection and constitutes the spring means referred to above.

The French patent shows an expansion bracelet which was held by the tribunals of the Patent Office, and we believe correctly, to contain three rows of link elements in side-by-side relationship. The outer rows are described as being circular boxes in each of which is arranged a spiral spring with one extremity being fastened to one of the toggle arms and the other joined to other like cross-arms connected to the boxes. The direction of the winding of the springs results in bringing the outside elements together.

The patent to Augenstein reveals two rows of link elements connected by what the board described as toggle arms. The

links are elongated and provided with pivots at each end which are actuated by springs. When the bracelet is expanded an outer row of link elements is directed outwardly in a transverse direction from the axis of the bracelet and then inwardly upon stretching the spring beyond its center position.

The examiner was of the opinion that the claims were unpatentable over the French patent in view of Augenstein. He held that no invention would be required to elongate the outer links of the device of the French patent to correspond with the links of Augenstein so that an end of each toggle arm would be pivotally connected at an end of an outer link. He further stated that the claims were subject to rejection on the Augenstein reference in view of the French patent where the former showed an expansible bracelet comprising two rows of links connected by toggle arms and actuated by springs at the toggle-link pivots. He held that no invention would be required to modify the Augenstein structure so as to include a third row of spring toggle actuated links by soldering a pair of bracelets together in such a fashion that two rows of links would be soldered side by side with the outer rows of links being symmetrically disposed relative to the longitudinal axis of the bracelet. He reasoned that the two symmetrically soldered links in each case would constitute a single center link having four toggle arms diverging therefrom.

The Board of Appeals, in sustaining the holding of the examiner, considered only the rejection based on the Augenstein patent in view of the French patent, regarding the other rejection as cumulative.

We have carefully examined the exhibits offered by appellant, his assignments of error, and the arguments advanced in his brief, but are constrained to agree that the decisions below are proper.

It seems to us that the tribunals of the Patent Office were correct in their interpretation of the French patent as showing the concept of an expansible bracelet with three rows of aligned blocks in staggered relation and that in view thereof no invention would be required to modify the expansible link bracelet of Augenstein to in-clude a third row of blocks. As noted above, it was suggested, and we think properly so, that a bracelet similar in all essential particulars to the device fashioned by appellant could be created by soldering the Augenstein bracelet with another of similar construction. Such an act would involve nothing more than uniting the outer blocks into one bracelet with the same blocks in the other bracelet.

We do not believe the difference in the type of springs between appellant's device and that of the Augenstein patent rises to patentable dignity since both seem to have the same retractive effect in their operation.

The decision of the Board of Appeals should be, and is hereby, affirmed.

Affirmed.